UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:11-CR-00188-NONE-BAM |
| Plaintiff, | |
| v. | ORDER |
| KENNETH HERNANDEZ, | |
| Defendant. | |

----oo0oo----

Before the court is defendant Kenneth Hernandez's ("defendant") Motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Docket No. 203.) The United States opposes the motion. (Docket No. 210.)

I. Factual and Procedural Background

On June 2, 2011, a federal grand jury returned a three-count indictment against defendant charging him with conspiracy to distribute and possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 841(a)(1), and distribution and possession with intent to distribute

1

methamphetamine, and aiding and abetting, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. § 2.  (See Docket No. 1.)  On July 8, 2013, pursuant to a written plea agreement, defendant pleaded guilty to count one as charged in the indictment.  (See Docket Nos. 92, 94.)  On December 2, 2013, Judge O'Neill sentenced defendant to 148 months imprisonment, followed by a 60-month term of supervised release, and a $100 special assessment.  (See Docket Nos. 141, 142.)

Defendant is currently serving his 148-month sentence at USP Coleman II and has a projected release date of May 7, 2022.  (See Docket No. 210 at 4.)  Defendant made a request for compassionate release and home confinement to the Warden of Lewisburg USP on June 26, 2020, and re-submitted it on July 2, 2020.  (See Docket No. 203, Ex. B.)  The Warden rejected defendant's request.  (See id.)

II. Discussion

The First Step Act amended § 3582(c)(1)(A) to permit a defendant to seek compassionate release after fully exhausting administrative remedies for the failure of the Bureau of Prisons to bring a motion on behalf of the defendant, or 30 days after requesting the warden of the facility to bring such a motion.  See First Step Act of 2018, § 603(b).  Importantly, other than authorizing a defendant to file a motion for relief, § 3582(c)(1)(A) remains unchanged after the First Step Act.  See United States v. Nasirun, No. 8:99-CR-367, 2020 WL 686030, at * 2 (M.D. Fla. Feb. 11, 2020.)

In order to be eligible for compassionate release after exhausting his administrative rights, the defendant must

2

1  demonstrate: (1) the existence of "extraordinary and compelling"
2  reasons, (2) that he is not a danger to the safety of any other
3  person or the community to the community, (3) that such a
4  reduction is consistent with applicable policy statements issued
5  by the Sentencing Commission.  See 18 U.S.C. § 3582(c)(1)A)(i)-
6  (ii).
7           The Application Notes of Section 1B1.13 of the
8  Sentencing Guidelines define the "extraordinary and compelling
9  reasons" which make a defendant eligible for compassionate
10 release to include (1) "a terminal illness", see U.S.S.G. §1B1.13
11 (U.S. Sentencing Comm'n 2018) at n.1(A)(i); (2) a serious medical
12 condition that "substantially diminishes the ability of the
13 defendant to provide self-care within the environment of a
14 correctional facility and from which he or she is not expected to
15 recover", see id. at n.1(A)(ii); (3) the defendant is at least 65
16 years old, experiencing a serious deterioration in physical or
17 mental health because of the aging process and "has served at
18 least 10 years or 75 percent of his or her term of imprisonment,
19 whichever is less", Id. at n.(1)(B); or (4) "[a]s determined by
20 the Director of the Bureau of Prisons ("BOP"), there exists in
21 the defendant's case an extraordinary and compelling reason other
22 than, or in combination with, the reasons described in
23 subdivisions (A) through (C)".  Id. at n.(1)(D).
24          Here, defendant contends that his medical issues place
25 him at high risk for COVID-19 and constitute "extraordinary and
26 compelling circumstances" under 3582(c)(1)(A).  The court
27 recognizes that defendant is 38 years old, overweight, suffers
28

from "tonic clonic" seizures, high blood pressure, hypertension,[1] and is housed at Coleman II USP, which has had numerous inmates test positive for the coronavirus in the past. (Docket No. 203 at 7-16.) Nevertheless, it appears that the Bureau of Prisons has been able to sufficiently treat his medical conditions.

Moreover, the defendant has made no showing that he would receive any better care outside of the Bureau of Prisons or that he would be better able to get a COVID-19 vaccination outside of federal custody than he would be in custody. Overall, defendant has not shown that his medical conditions, along with the COVID-19 pandemic, qualify as extraordinary and compelling reasons for release under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. Williams, No. 2:13-cr-383 TLN, 2020 WL 3402439, *2 (E.D. Cal. June 19, 2020) (defendant's confinement at FCI Lompoc and diagnosis of hypertension along with other medical history and prevalence of COVID-19, was insufficient to show extraordinary circumstances under 18 U.S.C. § 3582(c)(1)(A)).)

Furthermore, even assuming the court may consider factors not included in the Sentencing Commission's policy statements, see United States v. Brooker, 976 F.3d 228, 236-38 (2nd Cir. 2020), the court would not be persuaded to reduce defendant's sentence under § 3582(c)(1)(A). To be eligible for compassionate release, defendant must demonstrate that he is "not a danger to the safety of any other person or to the community."

---

[1] The United States contends that defendant's medical records from the Bureau of Prisons ("BOP") do not indicate that defendant has been diagnosed with any CDC identified health problems which would increase his risk of severe illness from COVID-19. (See Docket No. 210 at 4.)

4

See U.S.S.G. § 1B1.13(2).  Defendant cannot meet this burden.  Defendant is a validated Norteño gang member who holds a position of leadership, with ties to the Nuestra Familia prison and criminal street gang.  (See Docket No. 129.)  Moreover, defendant's lengthy disciplinary history while in BOP custody, which includes fighting with other inmates and introducing drugs into the prison, militates against such a finding.  (See Docket No. 210, Ex. 3.)

IT IS THEREFORE ORDERED that defendant's motion for sentence reduction (Docket No. 203), be, and the same hereby is, DENIED.

Dated:  January 14, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5